**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**FREDDIE WALKER**                                               **PETITIONER**

**VS.**                          **CASE NO. 5:06CV00086 SWW/HDY**

**LARRY NORRIS, Director of the**
**Arkansas Department of Correction**                    **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof,  and a copy,  or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite 402
>Little Rock, AR 72201-3325

## DISPOSITION

Now before the Court is the application for writ of habeas corpus pursuant to 28 U.S.C. §2254 of Freddie Walker, an inmate in the custody of the Arkansas Department of Correction (ADC) as a result of his 2002 conviction following a jury trial in Pulaski County Circuit Court on the charges of robbery and theft.   Petitioner was sentenced as an habitual offender to concurrent terms of forty years for robbery and one year for theft.   On direct appeal of his conviction the petitioner unsuccessfully argued the evidence was insufficient to establish that he intended to deprive the victim of her purse.  *Walker v. State*, No. CACR 02-1200, 2003 WL 1985207 (Ark. App. Apr. 30, 2003) (unpublished).   In June of 2003, petitioner sought postconviction relief in state court pursuant to A.R.Cr.P. Rule 37.   The trial court denied him relief on March 3, 2004, and the petitioner did not file a timely appeal.   On August 29, 2005, Mr. Walker filed a motion for a belated appeal of the order denying Rule 37 relief.   This motion was denied on December 1, 2005.  *Walker v. State*, No. CR 05-929, 2005 WL 3219732 (Ark. Dec. 1, 2005) (unpublished, per curiam).   A motion for reconsideration was also denied.  *Walker v. State*, No. CR 05-929, 2006 WL 137223 (Ark. Jan. 19, 2006) (unpublished, per curiam).

The petition now before the Court, filed on April 12, 2006, advances four claims for relief. Respondent contends that the statute of limitations bars consideration of this petition.   Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus.   Respondent contends that Mr. Walker should have filed his petition on or before July 29, 2003, which was ninety days following the affirmance of his convictions.   In the alternative, the respondent contends that the petitioner is procedurally barred from bringing these claims due to his

failure to adequately raise the claims in state court.  By previous Court Order, the petitioner was notified that dismissal of the case due to the petition's untimeliness and/or the procedural default was possible.  The petitioner was invited to explain why dismissal was improper, and he has submitted an explanatory pleading.  (See docket entry no. 9).

The petition should be dismissed as barred by the statute of limitations.  The pertinent provision, found at 28 U.S.C. 2244(d) (as amended), provides:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Mr. Walker's convictions were affirmed on direct appeal on April 30, 2003.  Assuming for the sake of argument that the petitioner had ninety days following the Arkansas Court of Appeals' decision to seek relief with the United States Supreme Court, his conviction became final on July 29, 2003.  Under subsection (d), petitioner was required to file his habeas petition within one year of that date.  We note that subsection (d)(2) of section 2244 excludes from the calculation the time during which a properly filed application for state postconviction or other collateral review is pending.  In Mr. Walker's case, he filed a Rule 37 petition on June 25, 2003.  The trial court denied this petition on March 3, 2004.  No timely notice of appeal was filed.  The time in which to file a notice of appeal expired on April 3, 2004.  We find that the time dating from the filing of the Rule

3

37 petition until its disposition  – June 25, 2003, until April 3, 2004 – should be excluded from the limitation calculations.

Mr. Walker signed his petition on April 10, 2006.  Since *pro se* petitions are deemed filed when tendered to prison authorities for delivery to the Court, it is fair to use April 10 rather than the actual filing date of April 12 for calculation purposes.  *Houston v. Lack*, 487 U.S. 266, 273-276 (1988).  Even so, the petitioner failed by about two years to file a timely petition[1].

The only issue remaining is whether the one-year time period was somehow tolled.  In *Calderon v. United States District Court for Central District of California*, 112 F.3d 386 (9th Cir. 1997), the Ninth Circuit Court of Appeals held that the limitation period may be equitably tolled if "extraordinary circumstances" beyond a prisoner's control render it impossible for him to file a timely petition.  *Id*. at 391.  We find no circumstances to warrant the tolling of the time in this case.

The respondent also argues that the petition should be dismissed as procedurally barred due to the petitioner's failure to adequately raise the grounds in state court, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny.

In *Wainwright v. Sykes, supra*, the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court:  that is, if he was aware of the ground, but failed to pursue it to a final determination.  The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure.  *See, also, Clark v. Wood*, 823 F.2d l24l, l250-5l (8th Cir. l987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. l987).  The *Wainwright v. Sykes* cause and

---

[1]On August 29, 2005, the petitioner filed a motion to file a belated appeal with the Arkansas Supreme Court.  This motion was filed almost eighteen months after the disposition of the Rule 37 petition.  Since more than one year passed following the Rule 37 petition's denial, the motion to file a belated appeal was filed *after* the limitations period had run and thus cannot by any calculation affect the timeliness of this petition.

prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (1986), and *Murray v. Carrier*, 477 U.S. 478 (1986).

With respect to cause, these cases explain that the Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." *Smith v. Murray*, 477 U.S. 533-34.   However, one can discern from these cases several circumstances in which cause might be found:  first, where some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules, *see Murray v. Carrier*, 477 U.S. at 488; second, where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, *see Reed v. Ross*, 468 U.S. 1 (1984); or third, if the litigant failed to receive the effective assistance of counsel.   *See Murray v. Carrier*, 477 U.S. at 488.   In addition, there is one extraordinary circumstance where a federal habeas court may grant relief without a showing of cause:  where a constitutional violation has probably resulted in the conviction of one who is actually innocent.  *Id.* at 496.

Mr. Walker failed to adequately pursue his claims to final resolution in state court.  The sole claim advanced on direct appeal was the sufficiency of the evidence, a claim which he does not now pursue.  The petitioner's failure to fully pursue these claims in state court, either on direct appeal or in a Rule 37 petition, is fatal to his federal habeas corpus effort unless he offer both cause and prejudice for the state court omission.  He fails to do so.  His *pro se* status and the absence of appointed counsel during the Rule 37 proceedings do not amount to "cause" for his failure to adequately advance the claims in state court.  As a result, the claims are procedurally barred from consideration.

In summary, we recommend that the petition for writ of habeas corpus be dismissed and the relief requested be denied due to the procedural default of the petitioner, as well as due to the petitioner's failure to file his petition within the allotted time.

IT IS SO ORDERED this  20  day of June, 2006.

_____
UNITED STATES MAGISTRATE JUDGE